**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

UNITED STATES OF AMERICA )
ex rel. SIDESOLVE LLC, )
)
    Plaintiff-Relator, )
)
v. ) Case No. _____  **22-4528**
) **SECT. T MAG. 1**
AIM HIRE, LLC d/b/a JIBE STAFFING; )
JIBE STAFFING OF TEXAS LLC; ) **JURY TRIAL DEMANDED**
ETI, INC.; RANDALL MOORE; and ) **FILED UNDER SEAL**
BRIAN KRISTOPHER WALKER, )
)
    Defendants. )

## COMPLAINT

1. Relator Sidesolve LLC brings this action on behalf of itself and the United States of America against defendants Aim Hire, LLC d/b/a Jibe Staffing; Jibe Staffing of Texas LLC; ETI, Inc.; Randall Moore; and Brian Kristopher Walker, for violations of the federal False Claims Act, 31 U.S.C. §§ 3729 *et seq.*

2. This action seeks to recover funds that were loaned to Defendants through the federal Government's Paycheck Protection Program ("PPP") and forgiven as a result of false applications.

3. Sidesolve LLC is a company that uses data to investigate large-scale corporate fraud. Its goal is to use the technology it is developing to protect individuals on private healthcare plans. It is currently developing its technology using public databases. It uses computational statistics to match entities across multiple resources such as databases, social media, corporate filings, and other sources. From this broader picture, it finds fraud leads, which it follows up with a more traditional manual investigation. In sum, Sidesolve LLC uses its expertise and proprietary technology to both collect the scattered pieces of the fraud puzzle and also to put them together into a complete picture of the alleged fraud.

4.    While searching for potential PPP loan fraud in data released by the SBA, Sidesolve came across three companies—Aim Hire, LLC; Jibe Staffing of Texas LLC; and ETI, Inc.—with common ownership, management, interests, and principal address.

5.    These three companies had applied for and received First and Second Draw PPP loans. In total, they received forgiveness for $7,465,336 in PPP loans and interest.

6.    Had these entities properly applied the SBA's Affiliation Rules for PPP loans—the purpose of which is to prevent exactly this sort of "unbundling" of companies to circumvent PPP requirements—they would not have been eligible for any PPP funding.

7.    Moreover, there is reason to believe that some or all Defendants falsified the disbursement of employees among the different entities to ensure they qualified for the loans.

8.    These entities received a windfall, to the detriment of the federal government and the thousands of small businesses that were unable to get the financial assistance they badly needed during the pandemic.

## JURISDICTION AND VENUE

9.    This Court has jurisdiction over this action pursuant to 31 U.S.C. § 3732(a) and (b), and 28 U.S.C. §§ 1331, 1345.

10.    Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 31 U.S.C. § 3732(a), as one or more of the defendants resides or transacts business in this jurisdiction and violations of the False Claims Act described herein occurred in this district.

## PARTIES

11.    Defendant Aim Hire, LLC is registered with the Georgia Secretary of State with a principal address of 1395 South Marietta Pkwy, Building 100, Suite 120, Marietta, GA 30067. Its date of formation is March 25, 2009. It provides "light industrial" staffing services.

12.     At relevant times, Brian Kristopher Walker was member of Aim Hire, LLC.

13.     At relevant times, Randall Moore was a member of Aim Hire, LLC.

14.     Aim Hire, LLC does business as Jibe Staffing. Its website is jibestaffing.com.

15.     Jibe Staffing's website currently lists offices in Marietta (at the 1395 South Marietta Pkwy address), Union City, and Pooler, Georgia; Arlington, Texas; Charlotte, North Carolina; and Indianapolis, Indiana.

16.     In 2019 and 2020, Jibe Staffing listed offices in Cartersville, Conyers, Marietta, Pooler, and Union City, Georgia; Arlington, Texas; Lemoyne, Pennsylvania; and Earth City, Missouri.

17.     Aim Hire, LLC is registered in Louisiana as a foreign corporation. It lists a principal business address of 365 Canal Street, Suite 2425, New Orleans, LA 70130 (hereinafter "the New Orleans address").

18.     Aim Hire, LLC's registration was not filed with the state of Louisiana until May 20, 2021, more than a year after its First Draw PPP loan was approved, and just a month before its Second Draw PPP loan was approved.

19.     Another entity, Aim Hire of Louisiana, LLC, is registered with the Louisiana Secretary of State at the same address. It also lists Randall Moore as its agent and member. It was not registered until July 30, 2021.

20.     Defendant Jibe Staffing of Texas LLC was registered with the state of Texas, but it was dissolved on June 24, 2022.

21.     Jibe Staffing of Texas, LLC was not registered with the state of Louisiana, but the Texas registration listed the New Orleans address as its principal mailing address.

22.     At relevant times, Randall Moore was a member of Jibe Staffing of Texas, LLC.

23.     At relevant times, Brian Walker was a member of Jibe Staffing of Texas, LLC.

#1859717v1

24.    Walker was a member of Jibe Staffing, LLC. This entity was last registered in Georgia in 2009 and was dissolved in 2011.

25.    Jibe Staffing, LLC is registered in Pennsylvania, however. It lists the New Orleans address as its principal location.

26.    Jibe Staffing, LLC is also registered in Missouri. It lists Randall Moore as the organizer and the New Orleans address as its principal location.

27.    Randall Moore is also the President of ETI, Inc., which is registered with the Louisiana Secretary of State as having an office at the New Orleans address. ETI, Inc. provides janitorial staffing services, primarily in New Orleans.

28.    Aim Hire, LLC; Jibe Staffing of Texas LLC; and ETI (collectively referred to as "Jibe Staffing") were all staffing agencies. They all applied for First Draw loans from the New Orleans address, from the same bank, on the same date.

29.    Aim Hire, LLC and Jibe Staffing of Texas LLC subsequently applied for Second Draw loans from the New Orleans address, from the same bank, on the same date.

## THE PAYCHECK PROTECTION PROGRAM

30.    During the COVID-19 pandemic, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). Section 1102 of the CARES Act contains a program called the Paycheck Protection Program ("PPP"), a program administered by the U.S. Small Business Administration ("SBA") to provide economic relief to small businesses nationwide adversely impacted by the coronavirus pandemic.

31.    Section 1102 of the CARES Act temporarily permitted SBA to guarantee 100% of the PPP loans. Section 1106 of the CARES Act provided for forgiveness of up to the full principal amount of qualifying loans guaranteed under the PPP.

-4-

32.    The CARES Act gives lenders delegated authority to process loan applications for PPP funding. SBA allowed lenders to rely on certifications of the borrowers in order to determine eligibility of the borrower and use of loan proceeds, and to rely on specified documents provided by the borrower to determine qualifying loan amount, and eligibility for loan forgiveness.

33.    Lenders were compensated by the federal government via processing fees based on the balance of the financing outstanding at the time of final disbursement, in the following amounts:

- Five (5) percent for loans of not more than $350,000;

- Three (3) percent for loans of more than $350,000 and less than $2,000,000; and

- One (1) percent for loans of at least $2,000,000.

34.    Borrowers had to submit documentation necessary to establish eligibility such as payroll processor records, payroll tax filings, form 1099s, income and expenses documentation.

35.    In general, the maximum amount borrowers could borrow was calculated by aggregating payroll costs from the previous year, with annual employee salaries capped at $100,000. The borrower then calculated the average monthly payroll cost and multiplied that amount by a factor of 2.5.

36.    Each borrower certified on the First and Second Draw loan applications that they were eligible to receive the loans under the program guidelines and that their applications and supporting documentation were accurate.

37.    Borrowers were able to seek forgiveness of the loans if the funds were used for eligible payroll costs, payments on business mortgage interest payments, rent, or utilities.

## **FACTUAL ALLEGATIONS**

38.    In total, Jibe Staffing received $4,503,144 in PPP First Draw funding. The total forgiveness amount was $4,555,257.

#1859717v1

39.    Aim Hire, LLC was approved for a First Draw loan of $3,607,900 on April 27, 2020 by Hancock Whitney Bank. It reported 450 jobs. The entire loan amount, plus interest, was forgiven, totaling $3,650,293.

40.    Jibe Staffing of Texas LLC was approved for a First Draw loan of $626,477 on April 27, 2020 by Hancock Whitney Bank. It reported 200 jobs. The entire loan amount, plus interest, was forgiven, totaling $633,838.

41.    ETI, Inc. was approved for a First Draw loan of $268,767 on April 27, 2020 by Hancock Whitney Bank. It reported 15 jobs. The entire loan amount, plus interest, was forgiven, totaling $271,126.

42.    In total, Jibe Staffing received $2,895,245 in PPP Second Draw funding. The total forgiveness amount was $2,910,079.

43.    Aim Hire, LLC was approved for a Second Draw loan of $2,000,000 on June 29, 2021 by Bank of St. Francisville. It reported 274 jobs. The entire loan amount, plus interest, was forgiven, totaling $2,009,500.

44.    Jibe Staffing of Texas LLC was approved for a Second Draw loan of $626,477 on June 29, 2021 by Bank of St. Francisville. It reported 200 jobs. The entire loan amount, plus interest, was forgiven, totaling $629,453.

45.    ETI, Inc. was approved for a Second Draw loan of $268,768 on January 31, 2021 by Hancock Whitney Bank. It reported 15 jobs. The loan was forgiven in part, totaling $271,126.

46.    Version one of the First Draw PPP Borrower Application Form, effective April 2, 2020, required the applicant to certify in good faith that, inter alia:

#1859717v1

    a.   The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) implementing the Paycheck Protection Program under Division A, Title I of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) (the Paycheck Protection Program Rule).

    b.   The Applicant (1) is an independent contractor, eligible self-employed individual, or sole proprietor or (2) employs no more than the greater of 500 or employees [sic] or, if applicable, the size standard in number of employees established by the SBA in 13 C.F.R. 121.201 for the Applicant's industry.

    c.   During the period beginning on February 15, 2020 and ending on December 31, 2020, the Applicant has not and will not receive another loan under the Paycheck Protection Program.

    d.   I further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects. I understand that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 USC 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000; under 15 USC 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a federally insured institution, under 18 USC 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000.

47.    The Second Draw PPP Borrower Application Form required the applicant to certify in good

faith that, inter alia:

    a.   The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) and the Department of the Treasury (Treasury) implementing Second Draw Paycheck Protection Program Loans under Division A, Title I of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) and the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (the Paycheck Protection Program Rules).

    b.   The Applicant, together with its affiliates (if applicable)… employs no more than 300 employees.

    c.   The Applicant has not and will not receive another Second Draw Paycheck Protection Program Loan.

    d.   I further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects. I understand that knowingly making a false statement to obtain a guaranteed

#1859717v1

loan from SBA is punishable under the law, including under 18 U.S.C. 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000; under 15 U.S.C. 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a federally insured institution, under 18 U.S.C. 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000.

48.    Upon information and belief, some or all of the above PPP certifications were false when made.

49.    As discussed below, the common ownership, management, addresses, and operations suggest that the entities are at least affiliated, and so collectively none qualified for the PPP loans.

50.    It is further possible that certain Aim Hire, LLC employees were falsely attributed to Jibe Staffing of Texas LLC to ensure that Jibe Staffing collectively qualified for the maximum possible loan.

## THE AFFILIATION RULES

51.    In addition to small business concerns, a business was eligible for a First Draw PPP Loan if the business had 500 or fewer employees **or** the business met the SBA employee-based or revenue-based size standard for the industry in which it operates (if applicable).

52.    When multiple entities are operated under common ownership or management, the SBA generally applies "affiliation rules" that require the various entities to consolidate their employee and revenue count when evaluating their loan eligibility. Their purpose is to capture exactly the situation we appear to have with Jibe Staffing, where a single entity owns and operates multiple locations but has divided them among different affiliates.

53.    Each Jibe Staffing location and entity qualified as an "affiliate" under the SBA's Affiliation Rules for PPP Loans, codified at 13 C.F.R. § 121.301(f), under the ownership, management, *and* identity of interest tests (only one has to be met for the affiliate rules to apply).

54.    The entities had common ownership and common management. Randall Moore, his wife Beverly Moore, and Brian Walker were owners and managers of Aim Hire, LLC; Jibe Staffing of

-8-

Texas LLC; and Jibe Staffing, LLC. The Moores, at least, were owners and managers of ETI, Inc.

55.     The identity of interest test is met because all of the entities existed to provide temporary staffing services. Moreover, the Jibe Staffing website listed all of its locations—including an Arlington, Texas location—and did not differentiate between Aim Hiring, LLC and Jibe Staffing of Texas LLC.

56.     Moreover, the October 2020 version of the website shows five Georgia locations, one Arlington location, one location in Missouri, and one location in Pennsylvania. The Missouri and Pennsylvania locations—operating under Jibe Staffing, LLC—would be included in the employee count. That Jibe Staffing, LLC did not apply for its own PPP loans, however, suggests that they were either not counted or were improperly included in the loan calculations for one of the other entities to maximize the loan value.

### Application of the Affiliation Rules

57.     Businesses could qualify for a First Draw PPP loan under any of three size standards. First, the employee-based size standard permitted businesses to apply for loans if they had no more than 500 employees, or the business met the SBA employee-based standard for the industry in which it operates (if applicable). Second, the business could meet the revenue-based size standard, meaning the average annual receipts for the previous three full fiscal years is less than the revenue-based threshold established by the NAICS Code for the applicant's industry. Third, the business could meet the SBA's alternative size standard, which requires that the maximum tangible net worth of the business is not more than $15 million; **and** average net income after Federal income taxes (excluding any carry-over losses) of the business for the two full fiscal years before the date of the application is not more than $5 million.

#1859717v1

58.    The Second Draw PPP loans, however, only had an employee-based size standard of no more than 300 employees, regardless of industry.

59.    Jibe Staffing does not qualify for either PPP loan under the employee-based size standard.

60.    NAICS code 561311 does not have an employee size standard listed. Thus, the PPP program's baselines of no more than 500 and 300 employees, for First and Second Draw loans, respectively, apply.

61.    Collectively, Jibe Staffing reported 650 jobs for the First Draw PPP loans, not including (or falsely including) employees at Jibe Staffing, LLC. Collectively, Jibe Staffing reported 474 jobs for the Second Draw PPP loans, not including (or falsely including) employees at Jibe Staffing, LLC.

62.    The reported numbers also raise suspicion. Aim Hire, LLC reported 450 employees for the first loan, but just 274 employees for the second loan. It is possible, although improbable, that the company laid off much of its staff in between the first loan in April 2020 and the second loan in June 2021 (but not so quickly that it did not achieve full loan forgiveness for the first loan), and just happened to fall under the requirements. This improbability is highlighted by the fact that Jibe Staffing of Texas LLC supposedly retained every one of its 200 employees.

63.    Additional questions arise as to why a single location in Arlington, Texas would employ 200 people, but five locations scattered across Georgia employed only 450 people. This further suggests that numbers were falsified and that employees of Aim Hire, LLC or Jibe Staffing, LLC were improperly attributed to Jibe Staffing of Texas LLC.

64.    Upon information and belief, Defendants did not collectively fall within the revenue-based size standard or SBA alternative size standard for the First Draw PPP loan. The revenue-based size standard for NAICS code 561311 was $30 million.

#1859717v1

65.     Regardless, the Second Draw loans did not have alternative size standards, and so after applying the affiliation rules and adding up the employees, these loans would have been fraudulently obtained.

66.     Although it consisted of different legal entities, Jibe Staffing was a single enterprise. Accordingly, upon information and belief, Defendants did not meet the requirements for eligibility under either the first or Second Draw PPP loan programs, and they should be required to repay the more than $7.4 million they received, plus the processing fees paid by the Government.

67.     In its applications, Jibe Staffing made false statements material to the PPP lending decisions.

68.     Insofar as the affiliate rules could have been considered unclear at the time Jibe Staffing applied for the First Draw PPP Loans, subsequent clarifications issued by the SBA should have informed it that it had improperly applied for and received PPP funds so that it should have repaid those funds. Instead, Jibe Staffing not only kept the PPP funds, but it applied for and received forgiveness for those funds under false pretenses.

## COUNT I
## VIOLATIONS OF 31 U.S.C. § 3729 – FEDERAL FCA

69.     Relator hereby incorporates and realleges all other paragraphs as if fully set forth herein.

70.     As set forth above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval, in violation of 31 U.S.C. § 3729(a)(1)(A).

71.     As set forth above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to numerous false claims, in violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)(B).

72.     As set forth above, Defendants knowingly conspired to commit a violation of the False Claims Act, in violation of 31 U.S.C. § 3729(a)(1)(C).

#1859717v1

73.     As set forth above, Defendants knowingly made, used, or caused to be made or used a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the Government, in violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)(G).

74.     Due to Defendants' conduct, the United States Government has suffered substantial monetary damages and is entitled to recover treble damages and a civil penalty for each false claim, record, or statement. 31 U.S.C. § 3729.

75.     Relator is entitled to reasonable attorneys' fees, costs, and expenses. 31 U.S.C. § 3730(d)(1).

## PRAYER FOR RELIEF

WHEREFORE, Relator prays for judgment against Defendants:

   (a) awarding the United States treble damages sustained by it for each of the false claims;

   (b) awarding the United States a maximum civil penalty for each of the false claims and statements;

   (c) awarding Relator the maximum relator's share of the proceeds of this action and any alternate remedy or the settlement of any such claim;

   (d) awarding Relator litigation costs and reasonable attorneys' fees and expenses; and

   (e) granting such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Relator hereby respectfully demands trial by jury on all issues and counts triable as of right before a jury.

-12-

#1859717v1

Respectfully submitted,

Laurence D. LeSueur, Jr., La Bar. No. 35206
**Barrasso Usdin Kupperman Freeman & Sarver,
L.L.C.**
909 Poydras Street, Suite 2350
New Orleans, LA  70112
Telephone: (504) 589-9700
llesueur@barrassousdin.com

Jason Marcus (Pro Hac forthcoming)
Georgia Bar No. 949698
**Bracker & Marcus LLC**
3355 Lenox Road, Suite 660
Atlanta, Georgia 30326
Telephone: (770) 988-5035
Facsimile: (678) 648-5544
Jason@fcacounsel.com

#1859717v1